1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   MARJORIE McCLISS and              No. 2:07-cv-01154-MCE-KJM
     MARK McCLISS
12
             Plaintiffs,
13
        v.                            MEMORANDUM AND ORDER
14
     JIMMIE EARL WARD; JAMES B.
15   PEAKE, Secretary of Veteran
     Affairs; DEPARTMENT OF
16   VETERANS AFFAIRS; and DOES 1
     through 100, inclusive,
17
             Defendants.
18

19                        ----oo0oo----

20

21      Plaintiffs Marjorie McCliss and Mark McCliss ("Plaintiffs")

22   seek relief from Defendants Jimmie Earl Ward ("Ward"), James B.

23   Peake, Department of Veterans Affairs, and other unnamed

24   defendants for claims arising under 42 U.S.C. § 2000e, et seq.

25   ("Title VII"), California Civil Code § 1708.5, as well as non-

26   statutory claims of intentional infliction of emotional distress,

27   assault, battery, negligent hiring and supervision, and loss of

28   consortium.

                                  1

1  Defendant Ward now moves to dismiss Plaintiffs' First and Sixth

2  Causes of Action[1] pursuant to Federal Rule of Civil Procedure

3  12(b)(6).[2]  For the reasons set forth below, Defendant Ward's

4  Motion to Dismiss for failure to state a claim is GRANTED.[3]

5

6                              **BACKGROUND**

7

8       On November 2, 2006, both Plaintiff Marjorie McCliss

9  ("McCliss") and Ward worked at the VA Hospital in Mather,

10 California ("VA Hospital").  Plaintiffs' Complaint states that

11 Defendant Ward was employed as a supervisor, and McCliss as a

12 medical assistant.  The Complaint stems from an incident in which

13 McCliss alleges that while she was in Ward's office on

14 November 2, 2006, he engaged her in unconsented sexual conduct.

15 After leaving Ward's office McCliss lodged a complaint with human

16 resources and was taken to another hospital for care.

17 ///

18 ///

19 ///

20 ///

21 ///

22

23      [1] Plaintiff's First Amended Complaint does not include a
   Sixth Cause of Action, but instead lists two "Seventh" Causes of
24 Action. The Court will refer to the first of these two claims,
   negligent hiring/supervision, as the "Sixth Cause of Action."
25

      [2] Unless otherwise noted, all further references to Rule or
26 Rules are to the Federal Rules of Civil Procedure.

27      [3] Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

1    On June 14, 2007, Plaintiffs filed a Complaint with this

2 Court, and subsequently filed their First Amended Complaint

3 ("FAC") on March 30, 2008.  Plaintiffs' FAC alleges two statutory

4 causes of action (under Title VII and California Civil Code

5 § 1708.5) and five non-statutory causes of action for intentional

6 infliction of emotional distress, assault, battery, negligent

7 hiring and supervision, and loss of consortium.  All seven causes

8 of action are alleged against Defendant Ward.

9    On June 9, 2008, Defendant Ward filed the current Motion to

10 Dismiss pursuant to Rule 12(b)(6).  Ward argues that, because he

11 is an individual employee, he may not be sued under Title VII

12 (First Cause of Action) or for negligent hiring and supervision

13 of himself (Sixth Cause of Action).  Defendant Ward's Motion to

14 Dismiss is unopposed.

15

16                              **STANDARD**

17

18    On a motion to dismiss for failure to state a claim under

19 Rule 12(b)(6), all allegations of material fact must be accepted

20 as true and construed in the light most favorable to the

21 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

22 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and

23 plain statement of the claim showing that the pleader is entitled

24 to relief," in order to "give the defendant fair notice of what

25 the . . . claim is and the grounds upon which it rests."  Conley

26 v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

27 ///

28 ///

1  While a complaint attacked by a Rule 12(b)(6) motion to dismiss

2  does not need detailed factual allegations, a plaintiff's

3  obligation to provide the "grounds" of his "entitlement to

4  relief" requires more than labels and conclusions, and a

5  formulaic recitation of the elements of a cause of action will

6  not do.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65

7  (2007) (internal citations and quotations omitted).  Factual

8  allegations must be enough to raise a right to relief above the

9  speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller,

10 Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)

11 ("The pleading must contain something more . . . than . . . a

12 statement of facts that merely creates a suspicion [of] a legally

13 cognizable right of action").

14     If the court grants a motion to dismiss a complaint, it must

15 then decide whether to grant leave to amend.  The court should

16 "freely give[]" leave to amend when there is no "undue delay, bad

17 faith[,] dilatory motive on the part of the movant, . . . undue

18 prejudice to the opposing party by virtue of . . . the amendment,

19 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);

20 Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to

21 amend is only denied when it is clear that the deficiencies of

22 the complaint cannot be cured by amendment.  DeSoto v. Yellow

23 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

24 ///

25 ///

26 ///

27 ///

28 ///

1              **ANALYSIS**

2

3      Plaintiffs do not oppose Ward's Motion to Dismiss the First

4  and Sixth Causes of Action.  The FAC alleges that Ward was a

5  supervisory employee of the VA Hospital at all times during the

6  alleged wrongful activities.  Therefore, Ward cannot be liable

7  under Title VII because, according to Ninth Circuit precedent,

8  Title VII protects "supervisory employees from liability in their

9  individual capacities."  Miller v. Maxwell's Int'l, Inc., 991

10 F.2d 583, 587 (9th Cir. 1993); see 42 U.S.C. § 2000e-5(g).

11 Additionally, Ward cannot be held liable for the negligent hiring

12 of himself.  See e.g. Juarez v. Boy Scouts of America, Inc., 81

13 Cal. App. 4th 377, 395, 97 Cal. Rptr. 2d 12 (2000) (noting

14 employer can be held liable for negligent hiring).  Because the

15 deficiencies in the First and Sixth Causes of Action against Ward

16 stem from his status as an employee rather than an employer,

17 additional facts will not cure the FAC, and leave to amend would

18 be futile.  Accordingly, Ward's Motion to Dismiss Plaintiffs'

19 First and Sixth Causes of Action pursuant to Rule 12(b)(6) are

20 GRANTED without leave to amend.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

5

**CONCLUSION**

Defendant Ward's Motion to Dismiss Plaintiffs' First and Sixth Causes of Action is GRANTED without leave to amend under Rule 12(b)(6).

IT IS SO ORDERED.

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE