UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARJORIE McCLISS and  
MARK McCLISS

      Plaintiffs,

  v.

JIMMIE EARL WARD; JAMES B. PEAKE, Secretary of Veteran Affairs; DEPARTMENT OF VETERANS AFFAIRS; and DOES 1 through 100, inclusive,

      Defendants.

No. 2:07-cv-01154-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs Marjorie McCliss and Mark McCliss ("Plaintiffs") seek relief from Defendants Jimmie Earl Ward ("Ward"), James B. Peake, Secretary of Veteran Affairs ("Secretary"), Department of Veterans Affairs ("VA"), along with other unnamed defendants for claims arising under 42 U.S.C. § 2000e, et seq. ("Title VII"), California Civil Code § 1708.5, as well as non-statutory claims of intentional infliction of emotional distress, assault, battery, negligent hiring and supervision, and loss of consortium.

Defendants Secretary and VA (collectively "Defendants") now move to dismiss several of Plaintiffs' Causes of Action.  The Secretary seeks dismissal of Plaintiffs' Second, Third, and Seventh Causes of Action pursuant to Rule 12(b)(1)[1] on grounds that the Court lacks jurisdiction.  The VA seeks dismissal of Plaintiffs' Complaint in its entirety on the basis that it is not a cognizable defendant and the Court lacks jurisdiction. Additionally, the VA seeks dismissal with prejudice so that Plaintiffs may not have leave to amend to substitute United States as the proper defendant under the Sixth and Seventh Causes of Action.[2]  For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.[3]

**BACKGROUND**

On November 2, 2006, both Plaintiff Marjorie McCliss ("Marjorie") and Ward worked at the VA Hospital in Mather, California ("VA Hospital").  Plaintiffs' Complaint states that the VA Hospital employed both Defendant Ward, as a supervisor, and Marjorie, as a medical assistant.

///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Plaintiff's First Amended Complaint does not include a Sixth Cause of Action, but instead lists two "Seventh" Causes of Action. The Court will refer to the first of these two claims, negligent hiring/supervision, as the "Sixth Cause of Action."

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

Plaintiffs' Complaint stems from an incident in which Marjorie alleges that while in Ward's office on November 2, 2006, he engaged her in unconsented sexual conduct.  After leaving Ward's office Marjorie lodged a complaint with human resources and was taken to another hospital for care.

On June 14, 2007, Plaintiffs filed a Complaint with this Court, and almost one year later, filed their First Amended Complaint ("FAC") on March 30, 2008.  Plaintiffs' FAC alleges Causes of Action under Title VII, California Civil Code § 1708.5, intentional infliction of emotional distress, assault, battery, negligent hiring and supervision, and loss of consortium.  All seven causes of action are alleged against Defendant VA and the Secretary is named as a defendant in the First, Second, Third, and Seventh Causes of Action.

On May 9, 2008, Defendants VA and Secretary filed the current Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  The VA argues that, because it is not a cognizable defendant, it may not be sued under any of the Plaintiffs' causes of action.  The Secretary argues that this Court lacks jurisdiction over him because he has immunity from Plaintiffs' Second through Seventh Causes of Action.

On June 18, 2008, Plaintiffs filed a response to Defendants' Motion to Dismiss wherein they concede that the United States, not the VA, is the proper defendant.  Additionally, they concede that the United States may not be held liable under the First through Fifth Causes of Action.  Finally, Plaintiffs do not contest Defendants' Motion to Dismiss the tort claims against the Secretary.

3

**STANDARD**

**1.   Rule 12(b)(1)**

In moving to dismiss for lack of jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with jurisdiction on a factual basis ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

///
///

Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Motions to Dismiss**

Plaintiffs concede that the Secretary is an improper Defendant, and should be dismissed from all claims other than the First Cause of Action.  Under the Westfall Act, officers and employees of federal agencies are afforded immunity from suit in tort for acts taken within the scope of their office or employment.  28 U.S.C. § 2679; Adams v. United States, 420 F.3d 1049, 1052 (9th Cir. 2005).  The FAC alleges that the Secretary was acting within the course and scope of his position at all times relevant to the Complaint.  FAC p. 4.  It follows that the Secretary is immune to Plaintiffs' Second, Third, and Seventh Causes of Action and the Motion to Dismiss these claims is GRANTED without leave to amend.

Defendant VA also asserts that it is not a proper defendant in this action.  Plaintiffs concede this point as well and acknowledge that the VA should be dismissed on all counts.

///
///
///
///
///

5

However, Plaintiffs contend that the United States is a proper defendant to the Sixth and Seventh Causes of Action and request leave to amend their FAC accordingly.[4]  Because this Court lacks jurisdiction over the claims against the VA, Defendants' Motion to Dismiss the Complaint in its entirety against the VA is hereby GRANTED.

Consequently, the only issue of contention at this junctire is whether this Court should grant leave to amend the Complaint so that the Plaintiffs may insert the United States as a proper defendant under the Sixth and Seventh Causes of Action.

**2.    Leave to Amend**

Defendants contend that Plaintiffs have not offered evidence or arguments indicating they will be able to amend their Sixth Cause of Action to state a cognizable claim against the United States.  Additionally, according to Defendants, the Seventh Cause of Action must also fail because it is a loss of consortium claim that is derivative of the failed tort claim.  Plaintiffs, on the other hand, contend that they have stated sufficient facts and only need amend the Complaint to name the proper defendant.

This Court has jurisdiction over actions alleging negligent hiring and/or supervision against the United States.  See Senger v. U.S., 103 F.3d 1437, 1442 (9th Cir. 1996).

---

[4] Plaintiffs acknowledge that the United States is not a proper defendant under the First through Fifth Causes of Action and that it is proper to dismiss the claims with prejudice.  Accordingly, Plaintiffs request for leave to amend is limited to the Sixth and Seventh Causes of Action.

Under California law, an employer is liable to a third party for negligent hiring and/or supervision if it knows the employee or agent is unfit or fails to use reasonable care to discover the employee's unfitness. <u>Juarez v. Boy Scouts of Am., Inc.</u>, 81 Cal. App. 4th 377, 395 (2000); <u>Evan F. v. Hughson United Methodist Church</u>, 8 Cal. App. 4th 828, 843 (1992). To state a claim for negligent hiring, a plaintiff must allege facts showing that the employee's unfitness was foreseeable, not merely feasible, at the time of hiring. <u>Juarez</u>, 81 Cal. App. 4th at 395.

As previously noted, under Rule 15(a), the court should freely give leave to amend a complaint when justice so requires and as long as amendment does not "cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 244 (9th Cir. 1987). In the present case, Defendants argue that granting leave to amend would be futile because the FAC does not allege facts constituting a cognizable claim and Plaintiff has not offered additional facts to suggest that they are able to state a state a claim in a second amended complaint.

A court may determine that amendment of a complaint is futile, and dismiss a claim with prejudice, if the pleadings could not possibly be cured by the allegation of other facts. <u>Foman</u>, 371 U.S. at 182; <u>Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990). For instance, amendment of a complaint may be futile if facts contained therein necessarily eliminate the possibility of recovery, or it is otherwise demonstrated that plaintiff is incapable of curing the deficiencies through amendment.

7

Id. at 247 (plaintiff pled facts which precluded recovery); Western Parcel Exp. v. United Parcel Service of America, Inc., *3 1996 WL 756858 (N.D. Cal. 1996) (plaintiffs repeated failure to cure defects that continued to plague complaint demonstrated futility of claim).

Because the claim for negligence does not necessarily fail if plead against the United States, and it is possible the Plaintiffs might be able to plead additional facts for a cognizable claim, dismissal with prejudice on these grounds is not appropriate.[5]  Additionally, this is the first Complaint dismissed by the Court, there have not been repeated failures to cure the Complaint's defects, and Plaintiffs have noted that they may be able to state additional facts in an amended complaint. For the foregoing reasons, Plaintiffs are granted leave to amend the Sixth and Seventh Causes of Action currently pled in the FAC.

**CONCLUSION**

Defendant Secretary's Motion to Dismiss Plaintiffs' Second, Third, and Seventh Causes of Action is GRANTED without leave to amend under Rule 12(b)(1).  Defendants VA's Motion to Dismiss Plaintiffs' First through Fifth Causes of Action is GRANTED without leave to amend under Rule 12(b)(1).  Defendants VA's Motion to Dismiss Plaintiffs' Sixth and Seventh Causes of Action is GRANTED with leave to amend under Rule 12(b)(1).
///

---

[5] Likewise, dismissal with prejudice of the derivative loss of consortium claim is not appropriate.

1   Plaintiffs are directed to file a Second Amended Complaint,
2 should they choose to do so, not later than twenty (20) days
3 following the date of this order.
4   IT IS SO ORDERED.

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE