UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE McCLISS and MARK McCLISS<br><br>   Plaintiffs,<br><br>   v.<br><br>JAMES WARD; JAMES B. PEAKE, Secretary of Veterans Affairs; DEPARTMENT OF VETERAN AFFAIRS; UNITED STATES OF AMERICA; and Does 1 through 100, inclusive,<br><br>   Defendants. | No. 2:07-cv-01154-MCE-KJM<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Through the present action, Plaintiffs Marjorie McCliss and Mark McCliss (collectively "Plaintiffs") seek relief from Defendants James Ward ("Defendant Ward"), James B. Peake, Secretary of Veteran Affairs ("Secretary"), and the United States of America for claims arising under 42 U.S.C. § 2000e, et seq. ("Title VII") and California Civil Code § 1708.5.  Non-statutory state law claims of intentional infliction of emotional distress, assault, battery, negligent hiring and supervision, and loss of consortium are also alleged.

1

Presently before the Court is the United States' Motion to Dismiss Plaintiffs' Sixth and Seventh Causes of Action pursuant to Fed. Civ. P. 12(b)(6)[1] on grounds that Plaintiffs fail to state a claim against the United States upon which relief may be granted. Additionally, the United States moves to strike Paragraph 20 of Plaintiffs' Second Amended Complaint pursuant to Rule 12(f). For the reasons set forth below, the United States' Motion to Dismiss is DENIED.[2]

## **BACKGROUND**[3]

Plaintiff Marjorie McCliss ("Marjorie") began her employment with the United States at the Veterans Affairs Hospital ("VA Hospital") as a medical assistant in 2004. Defendant Ward, also an employee at the VA Hospital, was Marjorie's supervisor. Plaintiff Mark McCliss ("Mark") is Marjorie's husband.

On November 2, 2006, Marjorie entered Defendant Ward's office to discuss her work schedule. Before leaving, Marjorie hugged Defendant Ward. Thereafter, while sitting in a chair, Defendant Ward allegedly placed one hand on Marjorie's buttocks and pulled her closer to him.

---

[1] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

2

1  Defendant Ward then purportedly placed his other hand in between
2  Marjorie's legs and moved it back and forth over the crotch of
3  her scrub pants and vaginal area.  Marjorie attempted to leave
4  but Defendant Ward prevented her from doing so by closing his
5  office door.  Plaintiffs claim that Defendant Ward subsequently
6  returned to his chair and again restrained Marjorie and placed
7  his hand between her legs.  He purportedly pulled down Marjorie's
8  pants and inserted his fingers inside her vagina.  Marjorie told
9  Defendant Ward to stop, at which time Defendant Ward left his
10 office and washed his hands.  After leaving Defendant Ward's
11 office, Marjorie lodged a complaint with human resources and was
12 taken to another hospital for care.
13      Plaintiffs allege that the United States was aware or should
14 have been aware that Defendant Ward often hugged subordinate
15 female co-workers because such hugs were done out in the open and
16 were observable by supervisors.  Plaintiffs also allege that
17 Defendant Ward repeatedly had subordinate female co-workers with
18 him alone in his office.  Plaintiffs assert that a complaint was
19 made to a supervisor at the VA Hospital prior to the incident on
20 November 2, 2006 against Defendant Ward for engaging in
21 inappropriate and aggressive physical contact while alone with a
22 sedated female patient.
23      Plaintiffs also claim that the United States was aware or
24 should have been aware of Defendant Ward's emotional outbursts.
25 Defendant Ward had allegedly lost his temper and threw VA
26 Hospital equipment across the room, but VA Hospital took no
27 corrective action because the behavior was "typical" of Defendant
28 Ward.

3

Plaintiffs further claim that in response to a previous filing of a sexual harassment claim, Defendant Ward stated that the female should take harassment as a compliment. Plaintiffs allege that the United States was aware of Defendant Ward's conduct because such conduct was reported directly to United States and its supervisors.

Plaintiffs filed the present action on June 14, 2007. On March 30, 2008, Plaintiffs filed a First Amended Complaint which was superseded on August 21, 2008, after the United States' successful Motion to Dismiss, with the Second Amended Complaint now before the Court. The United States moves to Dismiss the Sixth and Seventh Causes of Action of the Second Amended Complaint pursuant to Rule 12(b)(6), and to strike Paragraph 20 of said Complaint pursuant to Rule 12(f).

**STANDARD**

**A. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

1  While a complaint attacked by a Rule 12(b)(6) motion to dismiss
2  does not need detailed factual allegations, a plaintiff's
3  obligation to provide the "grounds" of his "entitlement to
4  relief" requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will
6  not do.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65
7  (2007) (internal citations and quotations omitted).  Factual
8  allegations must be enough to raise a right to relief above the
9  speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller,
10 Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)
11 ("The pleading must contain something more... than... a statement
12 of facts that merely creates a suspicion [of] a legally
13 cognizable right of action").
14      If the court grants a motion to dismiss a complaint, it must
15 then decide whether to grant leave to amend.  The court should
16 "freely give" leave to amend when there is no "undue delay, bad
17 faith[,] dilatory motive on the part of the movant... undue
18 prejudice to the opposing party by virtue of... the amendment,
19 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
20 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
21 only denied when it is clear that the deficiencies of the
22 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
23 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).
24 ///
25 ///
26 ///
27 ///
28 ///

**B. Motion to Strike**

Under Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994))(internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

**ANALYSIS**

**A.   Negligent Hiring and Supervision**

Plaintiffs' Sixth Cause of Action alleges that the United States was negligent in the hiring and supervision of Defendant Ward. The United States argues that Plaintiffs have failed to establish that it knew or should have known that Defendant Ward posed a risk of sexually assaulting female subordinates.
///
///

1  Plaintiffs counter by asserting that the Second Amended Complaint
2  establishes that Defendant Ward had a pattern of behavior that
3  United States should have known that Defendant Ward posed a risk
4  to female subordinates.
5      Under California law, an action may be brought for negligent
6  hiring, retention or supervision when the employer knew or should
7  have known that an employee posed a risk to other employees.
8  Roman Catholic Bishop v. Superior Court, 42 Cal. App. 4th 1556,
9  1564-1565 (Cal. App. 4th Dist. 1996).  An employer is liable to a
10 third party for negligent hiring if it knows the agent or
11 employee is unfit or fails to use reasonable care to discover the
12 employee's unfitness before hiring him. (Quotations omitted)
13 Juarez v. Boy Scouts of Am., Inc., 81 Cal. App. 4th 377, 395
14 (Cal. App. 1st Dist. 2000); Evan F. v. Hughson United Methodist
15 Church, 8 Cal. App. 4th 828, 843 (Cal. App. 3d Dist. 1992).
16 Liability for negligent supervision requires "knowledge by the
17 principal that the agent or servant was a person who could not be
18 trusted to act properly without being supervised." Juarez,
19 81 Cal. App. 4th 377, 395 (quoting Noble v. Sears, Roebuck & Co.,
20 33 Cal. App. 3d 654, 664 (Cal. App. 2d Dist. 1973)).
21 Accordingly, liability for negligent hiring or supervision exists
22 when "the employer knew or should have known that hiring [or
23 retaining] the employee created a particular risk or hazard and
24 that particular harm materializes." Doe v. Capital Cities,
25 50 Cal. App. 4th 1038, 1054 (Cal. App. 2d Dist. 1996) (citing
26 Evan F., 8 Cal. App. 4th 828, 836-37).
27 ///
28 ///

1    In the instant case, the theory of negligent hiring and
2 supervision is based on the particular risk of Defendant Ward
3 sexually harassing female subordinate co-workers.  The United
4 States is liable for Defendant Ward's conduct if it knew or
5 should have known that Defendant Ward posed a risk of engaging
6 in, and then actually engaged in, this specific conduct (sexual
7 harassment).  See Evan F., 8 Cal. App. 4th 828, 837; Juarez, 81
8 Cal. App. 4th 377, 395.
9    Plaintiffs allege that Defendant Ward often openly hugged
10 female subordinate co-workers (Second Am. Compl. ¶ 14.), and that
11 Defendant Ward repeatedly had female subordinate co-workers alone
12 with him in his office. (Second Am. Compl. ¶ 15.)  Plaintiffs
13 further allege that a complaint had previously been made to a VA
14 Hospital supervisor against Defendant Ward for engaging in
15 inappropriate and aggressive physical contact with a sedated
16 female patient. (Second Am. Compl. ¶ 16.)  Plaintiffs also
17 assert that Defendant Ward has stated that female subordinate co-
18 workers should take sexual harassment as a compliment. (Second
19 Am. Compl. ¶ 18.)  Finally, Plaintiffs allege that Defendant Ward
20 has had emotional outbursts and that VA Hospital took no action
21 because the behavior was seen as typical for Defendant Ward.
22 (Second Am. Compl. ¶ 17.)
23    Accepting the allegations of material fact as true and
24 drawing all reasonable inferences in favor of the non-moving
25 party, Plaintiffs have pled sufficient facts to state a claim for
26 negligent hiring and supervision.
27 ///
28 ///

Plaintiffs' allegations about Defendant Ward's previous conduct suggest that Defendant Ward may have posed a risk of inappropriately touching females in the work environment. Additionally, Plaintiffs' allegations of prior complaints and Defendant Ward's open conduct may show that the United States had knowledge, or should have known, of Defendant Ward's prior conduct.  The prior conduct alleged against Defendant Ward is of the same type (inappropriate sexual contact) and manner (at the work place) as the conduct Marjorie alleges.  Thus, Plaintiffs have pled sufficient facts to state a claim for negligent hiring and supervision.  Accordingly, the United States' Motion to Dismiss Plaintiffs' Sixth Cause of Action must be denied.

**B.    Loss of Consortium**

Plaintiffs' Seventh Cause of Action alleges that as a result of the United States' negligence, Mark has been deprived of Marjorie's service, companionship, and consortium.  The United States argues that this loss of consortium claim is a derivative claim and must be dismissed if Plaintiffs' negligent hiring and supervision is dismissed.

As stated in the previous section, Plaintiffs' negligent hiring and supervision claim has survived dismissal. Accordingly, United States' Motion to Dismiss Plaintiffs' Seventh Cause of Action must also be denied.

///
///
///

**C.    Motion to Strike**

United States moves to strike Paragraph 20 of Plaintiffs' Second Amended Complaint pursuant to Rule 12(f).  Plaintiffs argue that the motion must be dismissed because Paragraph 20 is relevant to their claims.

In the instant case, Plaintiffs allege that supervisors at VA Hospital, who were in the direct line of authority over Marjorie and Defendant Ward, were biased against complaints of sexual harassment because they had similar complaints logged against them.  (Second Am. Compl. ¶ 20.)

Plaintiffs further allege that this bias contributed to United States' lack of corrective action regarding Defendant Ward.  (Second Am. Compl. ¶ 20.)  Plaintiffs' allegations in Paragraph 20, if true, could show that United States was aware of Defendant Ward's conduct and failed to address a known risk.  Moreover, Plaintiffs' allegations, if true, may evince both a pattern of conduct and a work environment at the VA Hospital hostile towards female subordinate employees.  Thus, Plaintiffs' allegations in Paragraph 20 are not immaterial and at the very least are relevant to Plaintiffs' claims of negligent hiring and supervision against United States.  Accordingly, United States' Motion to Strike Paragraph 20 of the Second Amended Complain must be denied.

///
///
///
///

**CONCLUSION**

United States' Motion to Dismiss Plaintiff's Sixth and Seventh Causes of Action is DENIED.  United States' Motion to Strike Paragraph 20 of the Second Amended Complaint is also DENIED.

IT IS SO ORDERED.

Dated: October 29, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11